**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 96-31289

_____

SAM AUGUSTINE KING,

                    Plaintiff - Appellant,

HAROLD M WHEELAHAN, III, A PROFESSIONAL LAW
CORPORATION,

                    Intervenor - Appellee,

versus

FUEL SERVICES (formerly Dantzler Boat & Barge
Company); BLUE CHIP MV; DANTZLER BOAT & BARGE
COMPANY DIVISION; CHEVRON USA INC,

                    Defendants - Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(93-CV-3676-K)
December 11, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Sam Augustine King appeals from a jury verdict finding that
Dantzler Boat & Barge Company was not liable for injuries King
sustained while working as a seaman on board the MV BLUE CHIP, that
King was 50% at fault for his injuries, and that the MV BLUE CHIP

---

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

was seaworthy at the time of the accident. King also appeals the jury's award of $2,850 in damages, assessed against Chevron, U.S.A. In support of his appeal, King argues that both the jury's damage award and the findings relevant to this appeal are not supported by sufficient evidence.

We will not reverse a jury verdict concerning liability or damages unless, viewing all the evidence in the light most favorable to the verdict, we can say that "no reasonable jury" could have rendered the verdict at issue. *See Myers v. Griffen-Alexander Drilling Co.*, 910 F.2d 1252, 1254 (5th Cir. 1990). Here, however, the record indicates that ample evidence supports the jury's verdict both as to liability and damages.

King points us to other evidence, also contained in the record, that is contrary to the verdict. Nevertheless, we will not invade the province of the jury by reweighing the evidence or redetermining the credibility of those who testified at trial. *See Wood v. Diamond M Drilling Co.*, 691 F.2d 1165, 1168 (5th Cir. 1982).

AFFIRMED.